HANNAH COHEN AND ABRAHAM COHEN, AS ADMINIS-
TRATORS, ETC., OF PISCHEL COHEN, DECEASED, APPELLANTS,
*v.* THE MAYOR, ALDERMEN AND COMMONALTY
OF THE CITY OF NEW YORK, RESPONDENT.

*Negligence — when the evidence is not sufficient to charge a municipal corporation with*
*knowledge of the negligent acts of persons acting under licenses received from it.*

The city of New York granted to one Marks a license to place his business wagon,
when not in use, in the street in front of his grocery store. Marks kept the
wagon near the curb with the thills turned up and fastened with a string. On
October 20, 1879, at 6.30 A. M., while the wagon was standing in front of Marks'
store, the thills being tied up with a string or piece of clothes line, an iceman's
cart passing by caught the wheels of the wagon, turned it around so that the
shafts came down upon the sidewalk and struck the plaintiffs' intestate, who
was passing along the sidewalk, on his head with such force as to cause his
death. The wagon was in use two or three times every day, and had been
used the day before the accident, and it was the habit of Marks to leave the
wagon in that place, when it was not employed, with the thills tied up in the
manner described.

Upon the trial of this action, brought to recover the damages caused by the death
of the plaintiffs' intestate, the plaintiffs claimed that the string or rope with
which the thills were fastened was not sufficiently strong. The court directed
a verdict to be entered in favor of the defendant, upon the ground that the
evidence was not sufficient to authorize a jury to find that the city had notice
of any want of safety or insecurity in the condition of the wagon, or that such
insecurity had existed for so long a time, that notice thereof could be implied.

*Held,* that it did not err in so doing.

APPEAL from a judgment in favor of the defendant, entered upon
a verdict rendered by the direction of the court.

This action was brought to recover the damages sustained by the
next of kin of Pischel Cohen, in consequence of injuries sustained
by him in the public streets of the city of New York.

In April, 1879, the defendants granted a license to one Michael
Marks to store a wagon used by him in his business, when not in
use, in front of his grocery store in Attorney street in the city of
York. Under that license Marks was accustomed to keep the
wagon in the street, next to the curb, in front of his store, and to
tie up the thills of the wagon and fasten them with a string. On
October 20, 1879, at 6.30 A. M., the wagon of Marks was standing
in front of his store, and the plaintiffs' intestate was passing along

the sidewalk, and the thills of the wagon were lifted and fastened up with a string or piece of clothes line; at the time, an ice wagon was coming down Attorney street, south from Houston to Stanton street, and, at the same time, another wagon, loaded with coal, was coming north, up Attorney street, from Stanton street. The ice man did not wish to give a chance to the coal man to pass, and he hit his horses in order to make them go as fast as they could, so as not to give the coal man any room. The street was narrow and the ice man's wagon caught somewhere with the grocery wagon's wheels and turned it around so that the shafts came down upon the sidewalk and struck the plaintiffs' intestate with such force on his head as to cause his death.

The evidence showed that the wagon was in use two or three times every day, and that it was the habit of Marks to leave the wagon in that place when it was unemployed, with the shafts tied up in the manner described. The plaintiffs, by their testimony, claimed to show that the string or rope with which the thills were fastened was not sufficiently strong to be used for that purpose. The defendant contended that the approximate cause of the accident was the fast and careless driving of the ice wagon, which came in collision with the grocery wagon, and that the testimony was insufficient to authorize a jury to find that the city had notice of any want of safety or insecurity in the condition of the wagon, or that such insecurity had existed for so long a time that notice thereof could be implied. The court, upon the trial of the case, dismissed the complaint, and from the judgment thereupon entered this appeal is taken.

*N. E. Chedsey*, for the appellants.

*David J. Dean*, for the respondent.

VAN BRUNT, P. J.:

This action was previously tried, and came before this General Term upon appeal from a judgment rendered in favor of the plaintiff. (33 Hun, 404.) Upon that appeal it was held that even though the city had no legal right to grant a license to store or keep the wagon in the street, still, its liability for the particular injury which caused the death of Cohen could not be sustained,

upon proof of the mere fact of granting the license, as that fact was not the immediate cause of the injury, such injury having resulted from the negligent driving of the ice wagon and the insufficient manner in which Marks had tied up the thills of his wagon.

It was further held that, to make the city responsible for the injury, some evidence tending to show knowledge on its part, or notice in some form of the insecure or careless mode in which the wagon was stored in the street, must be shown. Having in view the rule of law thus laid down upon the previous appeal in this case, it is necessary to consider whether there was any evidence from which the jury were authorized to infer that the city had notice of the insecure manner in which the thills of Marks' wagon were tied at the time of the accident in question. In considering this question we must bear in mind the fact that this wagon was used two or three times during the day, and that the thills were tied up after such use. There is no evidence going to show that the same fastening was used on every occasion. Upon the contrary, the only inference to be drawn from the evidence is that it was not tied up by the same string or rope upon every occasion. If this is the fact, then when can it be said that notice, as against the city, commenced to run. Each time the thills were tied up was an independent and separate act, and when the wagon was used, the consequence of that act ended; when the thills of the wagon were tied up anew then responsibility for that act commenced. It appears, from the evidence in this case, that the wagon was in use on the day before the accident happened ; that the shafts were tied up that night ; that this accident happened at half-past six the next morning. Now, even if the shafts were improperly secured, sufficient time had not elapsed between the putting of the shafts in this insecure position and the happening of the accident to justify the jury in finding that the city had had notice. And, notwithstanding the expression contained in the opinion, when the case was before this court, " that, if the thills had been securely and properly fastened. as they ought to have been, the fastenings would not have been broken by the blow which turned the wagon partially around and threw down the thills with such violence as to occasion the fatal injury," it would seem

that in the securing and fastening up of the thills that the owner of the wagon had no right to anticipate the severe shock to which the fastening was subjected by the wagon being run into as was described by the witnesses. It would seem that the cause of the accident was the negligence of the driver of the ice wagon, and not the negligence of the owner of the wagon in not tying up the thills of his wagon with a rope sufficiently strong to stand such a shock. The evidence in the case, therefore, seems to fail to show such notice to the city as would justify the plaintiffs in recovering.

Judgment appealed from should be affirmed, with costs.

DANIELS, J., concurred.

BRADY, J.:

I think the use of the street by the owner of the wagon was a continuous one, and for so long a period as to establish constructive notice of such use by the city and of all the consequences which were likely to result from such use. The wayfarer is entitled to protection, and a violation of this obligation should be punished whenever the city is chargeable with notice of an existing danger which ultimately does him injury.

Judgment affirmed, with costs.